**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

James Peterson,

      Plaintiff,

      v.

Michael J. Astrue,
Commissioner of Social Security,

      Defendant.

**MEMORANDUM OPINION**
**AND ORDER**
Civil No.07-4068 ADM/RLE

___

Philip R. Reitan, Esq., Reitan Law Office, Mankato, MN, for and on behalf of Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, Minneapolis, MN, for and on behalf of Defendant.

___

## I.  INTRODUCTION

Defendant Social Security Commissioner Michael J. Astrue ("Defendant") denied Plaintiff James Peterson's ("Plaintiff") application for social security benefits based on disability. This matter is before the undersigned United States District Court Judge for a ruling on Plaintiff's Objections [Docket No. 22] to Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation ("R&R") [Docket No. 20], which recommends that Plaintiff's Motion for Summary Judgment [Docket No. 10] be denied and that Defendant's Motion for Summary Judgment [Docket No. 14] be granted.  For the reasons stated below, this Court adopts the R&R.  The procedural and factual background described in the R&R are incorporated by reference.

## II.  DISCUSSION

A.   **Standard of Review**

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

A reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000).  The reviewing court must consider both evidence that supports the Commissioner's decision and evidence that detracts from it, and the reviewing court must uphold the Commissioner's decision if it is supported by substantial evidence, even when substantial evidence exists in the record that would have supported a contrary decision or when the reviewing court would have reached a different conclusion. Holley, 253 F.3d at 1091.

B.   **Plaintiff's Objections**

Plaintiff first objects to Judge Erickson's conclusion that the Administrative Law Judge ("ALJ") did not err by declining to give controlling weight to the opinion of Plaintiff's treating psychologist, Jean Fortune.  Objections at 1-2.  A treating source's medical opinion about the nature and severity of a claimant's impairments is entitled to controlling weight if the opinion is well supported by medically accepted clinical and laboratory diagnostic techniques and is not

inconsistent with other substantial evidence.  Tindell v. Barnhart, 444 F.3d 1002, 1005 (8th Cir. 2006).  But a treating source's opinion is not conclusive in determining disability status.  See Forehand v. Barnhart, 364 F.3d 984, 986 (8th Cir. 2004).  Indeed, a treating source's opinion can be discounted "if other assessments are supported by better or more thorough medical evidence."  Rogers v. Chater, 118 F.3d 600, 602 (8th Cir. 1997).

   In this case, the ALJ declined to afford controlling weight to Fortune's opinion because the ALJ found that it was inconsistent with other evidence in the record and was not well supported by objective medical evidence.  Tr. at 25.  The ALJ found that there was a large disparity between Fortune's opinion regarding the nature and severity of Plaintiff's impairment and the other medical reports in the record, as well as reports from Plaintiff himself.  Id.  The ALJ also found that Fortune's opinion did not seem to be based on any objective medical findings but rather on sympathy toward Plaintiff.  Id.  In addition, the ALJ found that Plaintiff has not required extensive treatment, emergency room visits, or hospitalization over the years, and that he has been successfully treated with medication.  Id.  Both the ALJ and Judge Erickson emphasized that Plaintiff's treatment history was inconsistent with his assertion of a totally disabling mental impairment and with Fortune's conclusion that Plaintiff has "marked and extreme functional limitations."  Id.; R&R at 51.  For all of these reasons, the ALJ gave greater weight to the opinions of State Agency consultants and another psychologist who evaluated Plaintiff and concluded that he was able to work and interact with coworkers, supervisors, and others.  Tr. At 25.  In a social security disability benefits case, it is proper for the ALJ to resolve these sorts of conflicts in the evidence.  See Sebion v. Heckler, 757 F.2d 960, 961 (8th Cir. 1985) (stating that "[a]lthough conflicts in the evidence did exist, it is for the ALJ to reconcile them").

Given the lack of objective medical evidence to support Fortune's opinion and the inconsistencies between her conclusions and other evidence in the record, Judge Erickson correctly concluded that there is substantial evidence to support the ALJ's decision to not give controlling weight to Fortune's opinion. The ALJ considered all available evidence and made a reasonable conclusion based on the various medical reports. The ALJ's conclusions are substantially supported by the evidence and, therefore, must stand.

Plaintiff also objects to Judge Erickson's conclusion upholding the ALJ's finding that Plaintiff fails to meet or medically equal disability Listings 12.04 and 12.06 contained in 20 C.F.R. Pt. 404. Subpt. P, App. 1, §§ 12.04 and 12.06. Objections at 3-4. As the basis of this objection, Plaintiff again maintains that the ALJ should have given controlling weight to Fortune's opinion, which includes a conclusion that Plaintiff meets those listings. Id. at 4. But as previously explained, given the contrary medical evidence in the record and the lack of support for Fortune's conclusions, Judge Erickson correctly determined that the ALJ's decision to not give controlling weight to Fortune's opinion is supported by substantial evidence.

### III. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Docket No. 22] are **OVERRULED**,

2. The R&R [Docket No. 20] is **ADOPTED,**

3. The Plaintiff's Motion for Summary Judgment [Docket No. 10] is **DENIED**, and

4. The Defendant's Motion for Summary Judgment [Docket No. 14] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 18, 2008.